Jones v. Moore and trustee.

---

JONES v. MOORE AND TRUSTEE.

*Contract. Implied Promise.*

The facts in this case, *g. v.*, *held* to raise no implied promise.

BOOK ACCOUNT. The auditor reported, in subtance, as follows:

In October, 1873, the defendant went to Willsboro, N. Y., on the line of the New York & Canada Railroad, to keep a shanty, and board men at work on said railroad. Before he commenced, he made a contract with Marks & Ellis, contractors on said railroad, by which he was to board their help at a stated price per week, and they were to furnish him provisions and supplies, also at stated prices, and pay him the balance his due, after deducting the cost of such provisions and supplies from the amount of board so furnished. The defendant entered upon said business, and received supplies from various parties. Each month the contractors paid his bills, deducted their amount from the amount of the board, rendered a statement thereof to the defendant, and paid him the balance found due. The plain-

tiff furnished a part of said supplies, charged them to the contractors, sent them his bill from month to month, and received his pay from them. After a time, said Ellis, one of said contractors, sold out to his partner Marks, who continued the work on said railroad, and, it appeared, the same course of dealing with plaintiff and defendant, in all respects, except that the plaintiff had authority from Marks to let the defendant have goods on his account, up to June 1, 1874, when he sold out to Kelly & Rogers, who continued work on said railroad. The defendant kept on boarding the help after Kelly & Rogers commenced work till about November 20, 1874, and continued to order goods of the plaintiff, the business being done during that time substantially the same as had been done under Marks. At the time Kelly & Rogers commenced work, the plaintiff went to them and asked them to be responsible for such goods as he should deliver at the defendant's shanty. They refused so to do, but told the plaintiff that they would pay him for goods so delivered to the extent of their indebtedness to the defendant; whereupon the plaintiff furnished goods as aforesaid, and drew his pay each month the same as before, until the last month, and it is for the goods furnished in that month that the plaintiff now seeks to recover. But although the plaintiff would not have delivered said goods if Kelly & Rogers had not promised to pay therefor to the extent of their indebtedness to the defendant, the plaintiff charged the goods so delivered to the defendant and not to Kelly & Rogers, but he did not communicate that fact to the defendant, nor the fact that Kelly & Rogers had refused to become obligated to pay for the same. And the defendant understood that he was doing business all the time the same as he did under Marks & Ellis; and there was no change in the manner or form of transacting the business, to lead him to understand otherwise. The plaintiff settled with Kelly & Rogers after this account accrued, and gave them a receipt in full for all accounts, including any sum due from the defendant on their account. It did not appear whether or not the board bills for the last month had ever been paid, nor whether or not the defendant had ever been paid any balance for that month, nor whether he had ever settled for that month with Kelly & Rogers.

It appeared that the contractors required the plaintiff to get the defendant to certify that his account was correct, or to order the same paid each month, before they paid the same, which was usually done upon the bills themselves; and that on one or two occasions a specified sum was ordered to be paid, the defendant claiming that some items should not be paid until the next month.

It also appeared that the plaintiff knew that the defendant was irresponsible, and without means to pay, except what came from the contractors, and that the plaintiff never received any pay for any of the goods except from the contractors. If upon the foregoing facts the plaintiff is entitled to recover, I find for the plaintiff the sum of $209.90, with interest from January 1, 1875.

At the September Term, 1876, the court, REDFIELD, J., presiding, rendered judgment on the report for the defendant; to which the plaintiff excepted.

*Heath & Carleton*, for the plaintiff.

The goods for which the plaintiff seeks to recover, were ordered by, and delivered and charged in regular course of business, to, the defendant. The plaintiff has never received pay, and the defendant has never paid any one, therefor. Kelly & Rogers refused to pay on defendant's account without an order, or what amounted to an order, as between them and defendant, and the defendant was bound so to know. The plaintiff is not to be precluded from recovering because he did not expressly communicate to the defendant that he was charging the goods to him. The defendant was bound to know that the plaintiff was entitled to pay for them from him. The plaintiff had a right to charge the goods to defendant. The law will imply a promise by the defendant to pay for them; and the plaintiff may recover.

*J. A. & G. W. Wing*, for the defendant.

The plaintiff cannot recover. There was no promise, express or implied, original or collateral, on the part of the defendant. *Boston Ice Co.* v. *Pattee*, 4 Law & Eq. 56, and cases cited. There was no privity of contract; and without that, an implied promise cannot arise out of the possession and use or conversion of the property. *Hills* v. *Snell*, 104 Mass. 173.

But it is a fair inference from the facts found relative to the settlement between the plaintiff and Kelly & Rogers, that the plaintiff received payment.

The opinion of the court was delivered by

Ross, J. The auditor has found that there was no agreement or promise on the part of the defendant to pay the plaintiff for

the goods for which recovery is sought in this action. The question presented is, whether the defendant received the goods under such circumstances that the law will hold him liable to pay for them the same as it would if he had agreed and promised to pay the plaintiff for them, or on what is usually denominated an *implied* promise. By the defendant's arrangement with the contractors, Marks & Ellis, and with Marks after he had purchased the interest of Ellis in the contract, they were to supply him with goods for his shanty, and receive their pay therefor in boarding their workmen, they paying the defendant the difference between the price of the board and the cost of the materials thus furnished. Under this arrangement the defendant ordered goods from the plaintiff, who charged them directly to the contractors, and received his pay for them. The purchases from the plaintiff for the defendant's shanty were in the name, and on the credit, of the contractors, although the goods were ordered by the defendant. When Marks sold his contract out to Kelly & Rogers, the defendant continued boarding their help the same as he had for Marks, and Marks & Ellis. The plaintiff was fully aware of the relations of the defendant to himself and to the work as conducted and managed under Marks and Marks & Ellis, and that, although the defendant ordered the goods from the plaintiff for his shanty, and used them there in his business of boarding the contractors' laborers, yet, from such acts neither party expected or understood that the defendant thereby became liable to pay the plaintiff for them. The auditor has found that while Kelly & Rogers were contractors, under whom the account in controversy occurred, "the defendant understood that he was doing business all the time the same as he did under Marks & Ellis, and there was no change in the manner or form of transacting the business" while Rogers & Kelly were contractors, "to lead him to understand otherwise." This finding, we think, is conclusive against the right of the plaintiff to charge and recover for these goods from the defendant. The altered relations between the plaintiff and Rogers & Kelly from what they were between him and Marks & Ellis, cannot affect the defendant, inasmuch as the defendant was not informed of these changes, or that the plaintiff, for that reason, had

changed his relations towards him.   A party having once com-
menced to deal with another on specified terms and relations, has
a right to presume that the deal is continued on the same terms
and relations, until he is notified of a change by the other party,
or there is such a change in the circumstances attending the deal,
that, as a prudent man, he ought to be aware that the deal was
being conducted on new terms and new relations with respect to
himself, or, as is frequently said, until, as a prudent man, he is
put upon inquiry in regard to the manner in which the other party
regards their deal.   The finding of the auditor is conclusive in
favor of the defendant in this respect.

Judgment affirmed.